### POSTAL TELEGRAPH & CABLE COMPANY *v.* KELLEY.

#### Opinion delivered May 13, 1912.

1. TELEGRAPH COMPANIES—NONDELIVERY OF MESSAGE—NEGLIGENCE.— A finding that a telegraph company was negligent in failing to deliver a message addressed to a person who lived without the free delivery limits is sustained by evidence that proper inquiry inside of the delivery limits would have resulted in the delivery of the message to him inside the limits. (Page 445.)

2. SAME—NONDELIVERY OF MESSAGE—EVIDENCE.—In an action against a telegraph company for damages for mental anguish occasioned by the nondelivery of two messages sent to plaintiff concerning the illness and death of his son, the jury could base a verdict for the plaintiff upon his testimony that he could not reach the place where his son died in time for the funeral after receiving one message in the afternoon, though he did not state in detail why he missed the night train or whether he could have taken such train. (Page 445.)

3. SAME—PRESENTATION OF CLAIM.—Where a contract for sending a message stipulated that the company would not be liable for damages or statutory penalties "in any case where the claim is not presented in writing within ninety days after the message was filed with the company for transmission," commencement of the suit within ninety days is a sufficient presentation. (Page 446.)

Appeal from Ashley Circuit Court; *Paul G. Matlock,* Special Judge; reversed.

*James C. Knox,* for appellant.

1. To warrant a recovery, the proof must show, not only that the defendant was negligent in failing to deliver the messages, but also that if they had been delivered plaintiff could and would have been present before the death of his son and at his funeral. 89 Ark. 483.

2. If negligence had been shown, still appellee is barred from recovery for failure to present the claim within ninety days. 80 Ark. 554; 94 Ark. 336.

3. Appellee is barred also because he lived beyond the free delivery limits of the town of Hamburg. 89 Ark. 402; 82 Ark. 117; 3 Tex. Civ. App. 310; 71 Fed. 651.

*Geo. W. Norman,* for appellee.

1. The case of *Louisiana & Arkansas Ry. Co.* v. *Stroud,* 82 Ark. 117, is controlling in this case.

2. Where suit is brought and summons served in ninety days, no other notice of the claim is necessry. 45 Cent. Dig. § 42; 37 Cyc. 621; 12 Am. & Eng. Ann. Cases, 556; 1 L. R. A. (N. S.) 525; 89 Ala. 510; 18 Am. St. Rep. 148 5 Ga. App. 503; 27 N. E. 313; 109 N. C. 527; 133 N. C. 603 77 S. C. 378; 33 S. W. 727; 29 S. W. 66, 60 S. W. 63; 69 S. W. 427; *Id.* 997, 75 S. W. 843; 82 S. W. 484;  99 S. W. 327.

MᶜCULLOCH, C. J.  The plaintiff, John C. Kelley, insti-stuted this action against defendant telegraph company to recover damages on account of mental anguish sustained by reason of the nondelivery of two telegrams sent to him from Kosciusko, Mississippi, concerning the illness and death of his son, who resided at that place.   The plaintiff resided at Hamburg, Arkansas, about a half-mile outside of the corporate limits and about three-fourths of a mile from defendant's office, which was, however, outside of the free delivery limits established by the rules of the company.   His son, Wiley Kelley, became dangerously ill at Kosciusko, Mississippi, and one Barnett sent to plaintiff a telegram in the following words, addressed to him at Hamburg: "Your son, Wiley, dangerously sick.   Come at once.   Answer quick."   The message

was received by defendant's agent at Hamburg about 9:35 o'clock A. M. on Sunday, December 5, 1909, but was not delivered until Wednesday, December 8. Wiley Kelley died on the night of December 6, and another message was sent to plaintiff at Hamburg early on the morning of the 7th in the following words: "Wiley died last night. Funeral tomorrow. Wire if you can come." The last message was received by the agent at Hamburg at 8:35 o'clock A. M., and some time during the forenoon was delivered to plaintiff's son, a young boy, who was a pupil at the public school in Hamburg, and the boy delivered it to his father late in the afternoon when he returned from school. The plaintiff testified that he was perfectly familiar with the railroad routes and connections from Hamburg to Kosciusko; that he could have left Hamburg on a train at 9:30 in the morning, reaching Kosciusko at 8 o'clock the next morning, or that he could have left Hamburg in the evening or night and gone south by the way of Monroe, reaching Kosciusko about 8 o'clock the next morning.

There was sufficient evidence to warrant the jury in finding that if the telegram which was sent on the 5th, acquainting plaintiff with the illness of his son, had been delivered during during that day, he could have left Hamburg in time to have reached the bedside of his son five or six hours before the latter's death, and that he would have done so if the telegram had been delivered. It also shows that, if the second telegram had been delivered in due time, he could have reached Kosciusko before the funeral. He did not receive either telegram in time to reach Kosciusko before the funeral, and was thereby denied the privilege of attending the bedside of his son before his death or of attending his funeral. He claims to have suffered great mental anguish, and the jury awarded damages in the sum of $800.

The plaintiff testified that he had been living at the same place near Hamburg about thirteen years, and was well acquainted in the town, knew everybody, and was as well known as any one who lived inside of the corporate limits. He testified that he was in town during the day on Sunday, December 5, and also on the succeeding days.

Defendant's agent testified that he made diligent effort to ascertain where plaintiff was, in order to deliver the tele-

gram, and when he ascertained that the latter lived outside of the free delivery limits, he wired for instructions as to delivery, but got no response.

It is earnestly insisted that the evidence is insufficient to warrant the finding of negligence on the part of the company, but we are of the opinion that the evidence is sufficient on that issue. The company was not bound to deliver outside of the free delivery limits without payment of delivery fee in accordance with the rule, but there was sufficient evidence to warrant the jury in finding that proper inquiry inside of the delivery limits would have resulted in the delivery of the message to plaintiff inside the limits. The fact that plaintiff lived outside of the free delivery limits did not absolve the defendant from the duty to exercise ordinary diligence to deliver the message within the limits, and there is enough evidence to warrant the jury in finding that ordinary diligence was not exercised. *Arkansas & Louisiana Ry. Co. v. Stroude,* 82 Ark. 117.

We also conclude that the testimony was sufficient to warrant the finding that plaintiff received the message too late to reach the bedside of his son or to attend the funeral after the latter's death. There is some conflict as to when the first message, concerning the illness of plaintiff's son, was received, and there is some confusion in plaintiff's own testimony as to the day, but the jury were warranted in finding, we think, that this message was not delivered until about 11 o'clock on December 8, after plaintiff received the second message shortly after 4 o'clock the afternoon before. The second message, concerning the death of plaintiff's son, was delivered to plaintiff, as afore stated, shortly after 4 o'clock on the afternoon of December 7, and he says that he went to the office the next day, and made inquiry, and the first message was then delivered to him. The schedule of the train going south from Hamburg was not stated in the testimony, but it was referred to as a "night" train. The plaintiff testified that he received the messages too late to reach Kosciusko in time for the funeral. He was not asked the direct question as to the time the train left Hamburg for Monroe, nor was he asked whether he had time after receiving the message on the afternoon of the 7th to go by that train. This presents a somewhat ambiguous

situation as to the facts on that issue; but, as the plaintiff stated in his testimony that he could not reach Kosciusko in time for the funeral after he received the message, the jury had the right to accept his statement and base a verdict upon it, even though he did not go into the details as to what caused him to miss the night train or whether he received the message in time to have started on the train which is referred to in the testimony merely as the "night train."

It is not insisted that the assessment of damages was excessive, and we need not discuss the evidence bearing on that issue.

Defendant pleaded failure on the part of the plaintiff to present his claim for damages in accordance with the stipulation in the contract, that "the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message was filed with the company for transmission." The plaintiff commenced this suit within ninety days, and that was sufficient compliance with the contract. It has been so held by nearly all the courts which have passed on the question. 2 Joyce on Electric Law, § 723; Thompson on Electricity, § 256.

The contract, it will be observed, did not make the presentation of the claim a condition precedent to the right to maintain an action, but merely stipulated that "the company will not be liable for damages," etc., unless the claim is presented within ninety days.

The case was tried upon correct instructions, and no erroneous ruling of the court is brought to our attention. The judgment is therefore affirmed.